# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**BIAGGI & BIAGGI, P.S.C.**,
    Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WESTERNBANK PUERTO RICO**,
    Defendant.

Civil No. 10–1671 (PG/BJM)

## OPINION AND ORDER

Biaggi & Biaggi, P.S.C. ("Biaggi") brought this action seeking notarial fees and expenses allegedly owed by Westernbank Puerto Rico for work rendered. Docket No. 86 at 1. After Westernbank Puerto Rico closed in 2010, the Federal Deposit Insurance Corporation ("FDIC") was appointed as its receiver. Docket No. 86 at 1–2. Biaggi moved for summary judgment on the basis that it had a depositum contract with Westernbank Puerto Rico. Docket No. 77. The FDIC also moved for summary judgment—after it made a formal determination that Westernbank Puerto Rico did not have sufficient assets to pay any claims by unsecured creditors—arguing that Biaggi was an unsecured creditor. Docket No. 85. Judge Perez-Gimenez denied summary judgment to both parties. Docket No. 86. Five months later, Biaggi filed a motion to supplement its summary judgment motion with new supporting evidence. Docket Nos. 89, 91, 97. The FDIC opposed, asking the court to either strike Biaggi's motion or to grant the FDIC time to conduct discovery related to the evidence. Docket No. 94, 99–1. This matter was referred to me by Judge Perez-Gimenez for disposition. Docket No. 109. While a request for reconsideration of the order denying summary judgment would be a dispositive motion on which I could not issue an order, I read Biaggi's motion as a motion for leave to amend its previous motion for summary judgment, which is a non-dispositive issue.

For the reasons set forth below, Biaggi's motion to supplement is **DENIED** and the FDIC's motion is **GRANTED** in part.

## DISCUSSION

On October 23, 2015, Judge Perez-Gimenez denied Biaggi's motion for summary judgment, finding that while there may be "outstanding invoices for legal services that are yet to be paid and are held in depositum by the FDIC[,]" Biaggi had not established the precise amount that it may be owed. Docket No. 86. In one of his findings of uncontested facts, Judge Perez-Gimenez stated, "In order to determine how much money was owed to a particular attorney, it would be necessary to check the invoices from the law firms/attorneys and the closing dates of the different transactions." *Id*. at 4. After five months of silence, Biaggi filed a motion to supplement its motion for summary judgment that Judge Perez-Gimenez had previously denied. *See* Docket No. 89. In its motion, Biaggi explained that in response to the above quoted finding of fact by the court, it searched through its records for the invoices that would support its claim for fees. *See id*. at 1. Biaggi attached the invoices as well as deeds where it could not find the proper invoices (collectively "invoices") and asked that the court grant summary judgment based on the newly-produced evidence. *See id*. at 2; Docket No. 91.

It is unclear from Biaggi's motion what procedural vehicle it is using to justify its unusually timed motion. On its face, Biaggi's motion appears to be a motion for reconsideration of the court's order denying summary judgment. *See Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994) ("In addressing a post-judgment motion, a court is not bound by the label that the movant fastens to it. If circumstances warrant, the court may disregard the movant's taxonomy and reclassify the motion as its substance suggests."). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly. . . . To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citations and quotations omitted). However, a motion for reconsideration under Federal Rule of Civil Procedure 59(e) must be filed "no later than 28 days after the entry of the judgment." *Flores v. Jewell*, No. 13–1201 (PG), 2016 WL 4148234, at *2 (D.P.R. Aug. 3, 2016) (quoting Fed. R. Civ. P. 59(e)). Biaggi's motion for reconsideration comes

over four months after the statutory filing deadline; moreover, Biaggi neither acknowledged the tardiness of its motion nor did it seek to justify its tardiness.

Furthermore, even presuming that Biaggi's motion for reconsideration was timely, Biaggi made it clear that it has had this evidence in its possession for entirety of this litigation as it searched through its own records to find the invoices. *See* Docket No. 89 at 1–2. Consequently, it is difficult to understand how the invoices could qualify as not being "previously available" when it initially sought summary judgment. *See Shell Co. v. Los Frailes Serv. Station*, Inc., 596 F. Supp. 2d 193, 200–01 (D.P.R. 2008), *aff'd sub nom. The Shell Co. (Puerto Rico) v. Los Frailes Serv. Station, Inc.*, 605 F.3d 10 (1st Cir. 2010) (denying motion for reconsideration where the defendant had the evidence in its possession for at least five years and "provide[d] no explanation as to why this evidence was not offered earlier"). A party must justify a motion for reconsideration based on the introduction of new evidence by showing that the evidence was either "new" or "unavailable" when it made its previous filings, and Biaggi has failed to even begin to make such a showing. *See Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 220 (1st Cir. 2016) (submission of evidence through a motion for reconsideration was untimely when it was "available long before the defendants sought summary judgment"); *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (denying motion for reconsideration when "the evidence that appellants submitted to support the argument they advanced for the first time in their second motion for reconsideration was neither new nor unavailable at the time the district court entered judgment"); *Vasapolli*, 39 F.3d at 36 ("Unlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence, [and] withholds potentially relevant information . . . does so at his peril."). Therefore, the court should deny its motion for reconsideration.

Biaggi's motion could also be interpreted as a motion to vacate judgment based on newly discovered evidence. Under Federal Rule of Civil Procedure 60(b)(2), a party may ask the court to amend its judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" so long as the motion is made within one year of the court's final judgment. *See United States v. Boch Oldsmobile, Inc.*,

909 F.2d 657, 660 (1st Cir. 1990) ("Under Rule 60(b)(1), (2) or (3) a movant must file the motion within one year of the entry of final judgment."). But Biaggi's motion also fails to qualify as a motion to vacate judgment: while Biaggi certainly filed the motion is certainly within one-year of the denial of summary judgment, the court has issued no final judgment in this case. A denial of summary judgment, by definition, is not an entry of final judgment but rather the opposite: it is a decision by the court to allow the case to continue. *See Valdizan v. Rivera-Hernandez*, 445 F.3d 63, 64 (1st Cir. 2006) (an order denying summary judgment is not a final order or final judgment); *Comsource Indep. Foodservice Companies, Inc. v. Union Pac. R. Co.*, 102 F.3d 438, 441–42 (9th Cir. 1996) ("A denial of motion for summary judgment is generally not a final order, and is therefore not ordinarily appealable."). Therefore, as Federal Rule of Civil Procedure 60(b)(2) is a procedural vehicle for relief from a "final judgment, order, or proceeding[,]" Biaggi's motion cannot fall under this umbrella either.

In addition, even if there had been a final judgment, as noted above, Biaggi made no attempt in its motion to explain why it could not have discovered the invoices prior to the denial of summary judgment, and "[a] defeated litigant cannot set aside a judgment . . . because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." *Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 30 (1st Cir. 1980) (internal quotations omitted). The First Circuit has "made it transparently clear that relief under Rule 60(b) 'is extraordinary in nature'" and therefore "'motions invoking that rule should be granted sparingly.'" *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir. 2002) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).

Hence, Biaggi's conspicuous failure to identify how its motion complies with the Federal Rules of Civil Procedure was likely because the rules do not allow for supplementing a motion with evidence that was always in the proponent's possession five months after the motion has already been denied. Biaggi argues that its motion is simply in compliance with the court's order that Biaggi had not presented sufficient evidence to justify summary judgment in its favor. *See* Docket No. 97 at 2–3 ("The documents filed by Plaintiff were to comply with the Courts [sic]

determination regarding the sufficiency of the sworn statements and documents previously filed."). However, the fact that Biaggi chose to rely on only some of the evidence that it had available to it when it filed for summary judgment is no justification for seeking reconsideration of the court's order: "a party who knowingly chooses to put all his eggs in one basket is hard-pressed to complain when the basket proves inadequate and the trial court refuses to allow him to substitute a new and previously undisclosed basket for it." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 37 (1st Cir. 2012). Moreover, Biaggi's argument that following the Federal Rules of Civil Procedure "is a mere formality of no substantive consequence" and a simple "delay to the final disposition of this case" significantly underestimates the importance of a fair and just adjudication of claims. Docket No. 97 at 4.

The court has been very generous with granting the parties ample time to conduct motion practice: four and a half years passed before the FDIC's first motion for summary judgment and the district court's order denying summary judgment for both parties. *See* Docket Nos. 19, 86. Accordingly, Biaggi's motion for leave to amend its motion for summary judgment is denied, and trial should be set to decide the genuine issues of material fact identified in the court's order denying summary judgment.

In the interest of moving the case forward, I also believe it is necessary to address the FDIC's argument requesting that the invoices be struck as a discovery sanction. *See* Docket No. 94 at 8. Federal Rule of Civil Procedure 26(a)(1) requires that each party make a number of initial disclosures, including "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Furthermore, a party must supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to make the required disclosures, "[t]he baseline for

noncompliance under Rule 37(c)(1) is mandatory preclusion" of the undisclosed evidence. *Fed. Deposit Ins. Corp. v. Arrillaga-Torrens*, 212 F. Supp. 3d 312, 368–70 (D.P.R. 2016); *see Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) ("We have explained before that Rule 37(c)(1) clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion." (internal quotations omitted)).

However, Rule 37(c)(1) does offer a "narrow escape hatch" if the proponent of the evidence can prove that its "failure to reveal [the evidence] was either substantially justified or harmless." *Id*. In assessing whether the proponent's failure to reveal the evidence was either substantially justified or harmless, the First Circuit has enumerated several factors for courts to consider: "1) the history of the litigation; 2) the sanctioned party's need for the precluded evidence; 3) the party's reason for non-disclosure; 4) the prejudice to the opponent; . . . 5) the effect on the court's docket" and 6) "whether a less severe sanction would achieve the same aims as preclusion while still giving the plaintiff his day in court." *Samaan v. St. Joseph Hosp.*, 274 F.R.D. 41, 48 (D. Me. 2011), aff'd, 670 F.3d 21 (1st Cir. 2012) (citations omitted); *see Plaza Carolina Mall, L.P. v. Municipality of Barceloneta*, No. CV 13–1264 (GAG), 2015 WL 4250852, at *6–7 (D.P.R. July 13, 2015) (applying the six factors when assessing the plaintiff's "deficiencies in its answer to interrogatories and failure to supplement the incomplete answers").

Here, Biaggi seeks to introduce the invoices to prove its claims that it is the rightful owner of the money in the Westernbank Puerto Rico account. Accordingly, as this is evidence that it seeks to use to support its claims—and it is not using the invoices exclusively for impeachment purposes—Biaggi was required to provide the FDIC with a description or a copy of the invoices either with its initial disclosures or as a supplement to its initial disclosures if, as Biaggi suggests in its motion, it had not decided to use that evidence until later in the case. *See* Docket 89 at 1. Biaggi never suggests that it did provide the FDIC with a description or a copy of the invoices (Biaggi entirely ignored the issue in its response to the FDIC's opposition) and thus it must prove that its omission was either substantially justified or harmless if it wishes to introduce them at this

late juncture. In its motion, Biaggi made no effort to prove either, merely stating that the production of the invoices now justified the court granting summary judgment in its favor. This provides further reason for the court to refuse to entertain these documents as part of Biaggi's motion for summary judgment as the FDIC did not have sufficient time to conduct discovery based on the new evidence.

The preclusion of the invoices for the summary judgment stage is without prejudice, and Biaggi may seek to introduce them at trial as they have now been disclosed to the FDIC. Per the FDIC's request, the FDIC will have one month to conduct appropriate discovery strictly limited in scope to the invoices that Biaggi presented in its motion for leave to amend. *See* Docket Nos. 89, 91.

## CONCLUSION

For the foregoing reasons, Biaggi's motion for leave to amend is **DENIED**, and the FDIC's motion to strike Biaggi's new evidence is **GRANTED** in part.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 16th day of April 2018.

            *S/ Bruce J. McGiverin*
            BRUCE J. McGIVERIN
            United States Magistrate Judge