# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

BIAGGI & BIAGGI, P.S.C.,

   Plaintiff,

       v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
WESTERNBANK OF PUERTO RICO,

   Defendant.

Civil No. 10-1671 (PG)

## OPINION AND ORDER

Pending before the court is Defendant Federal Deposit Insurance Corporation's ("FDIC" or "Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 128), Plaintiff Biaggi & Biaggi, P.S.C.'s ("Biaggi" or "Plaintiff") Opposition thereto (Docket No. 129), and the FDIC's Reply (Docket No. 130).

Biaggi's Opposition includes a Motion for Reconsideration, where Biaggi asks the court to reconsider the July 6, 2018 Order granting the FDIC's Motion for Sanctions (Docket No. 126). On August 10, 2018, the FDIC filed a Response in Opposition (Docket No. 134). However, for the reasons discussed below, the court need not reach the Motion for Reconsideration or the arguments raised in the FDIC's Response.

## I. BACKGROUND

On September 9, 2009, Biaggi filed suit against Westernbank in the Court of First Instance of the Commonwealth of Puerto Rico, Mayagüez Part, seeking to collect payment of certain invoices for notarial fees and expenses in the amount of $401,067.92. On April 12, 2010, Biaggi filed an amended complaint increasing the amount requested to $619,626.45. On April

30, 2010, the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Westernbank and appointed the FDIC as receiver. The FDIC then removed the state court action to this court. See Docket No. 1.

### *Administrative Claims Review Process under "FIRREA"[1]*

Simultaneously, the FDIC set the wheels of FIRREA's mandatory claims review process in motion. The FDIC thus established a claims bar date, and advised Biaggi to file any claims before that deadline. Biaggi timely submitted two proof of claims. In the first, Biaggi claimed $619,626.45 in notarial fees and expenses, for services rendered by the firm between May of 2001 to November of 2007; in the second, $50,320.06 in notarial fees and expenses, for services rendered by the firm from 1999 to 2000. As part of the administrative review process, the FDIC requested that Biaggi provide all information and documentary evidence to substantiate its claims. Biaggi complied. In the following month or so, the FDIC disallowed the claims and so notified Biaggi. Biaggi proceeded to litigate the existing suit, as allowed under FIRREA's § 1821(d)(6)(B)(ii). To date, Biaggi seeks payment of $619,626.45 in notarial fees and expenses, plus interest.

### *Relevant Procedural Events*

Under Puerto Rico law, a three-year statute of limitations governs collection claims for payment of attorney and notarial fees. See P.R. LAWS ANN. tit. 31, § 5297. Since Biaggi's claim stemmed from alleged notarial services performed from 2001 until 2007, the FDIC moved for summary judgment arguing that the claim was time-barred. See Docket No. 19. Biaggi never opposed the FDIC's summary judgment motion. Subsequently, Magistrate Judge Justo Arenas

---

[1] "FIRREA" is short for the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

issued a Report and Recommendation siding with the FDIC and recommending dismissal of the case. See Docket No. 23. Then, on May 5, 2011, Biaggi filed an "Opposition to Report and Recommendation and Opposition to Motion for Summary Judgment" ("Opposition to R&R") (Docket No. 29). To avoid dismissal, Biaggi restyled its claim as one arising under a "depositum" agreement. To be precise, Biaggi argued that:

> this case is not properly one of a collection of notarial fees and expenses as the FDIC believes. Although it is true that the claim asserted had its origin in notarial services and expenses that were rendered or paid by Biaggi & Biaggi, this is not an action to collect the fees and expenses of a notary. Said fees and expenses were already paid by the bank's clients through deduction from the proceed of the loans. Instead, this is an action to collect from a bank funds that were held by Westernbank to be remitted to Biaggi & Biaggi. That relationship entailed either an agency or a depositum contract pursuant to the laws of Puerto Rico.

Id. at 6-7.

In the Opinion and Order from July 11, 2011, this court noted Biaggi's change of tune and indicated "this is the first time that Biaggi has advanced such a claim and neither the complaint nor the amended complaint mentioned the existence of an agency or depositum contract." (Docket No. 34 at 8). Now the FDIC moves for dismissal under Rule 12(b)(1), arguing that Biaggi's failure to exhaust administrative remedies on the depositum contract theory or claim deprives the court of subject matter jurisdiction. See Docket No. 128.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of an action for lack of subject matter jurisdiction. Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362–363 (1st Cir. 2001).

In any case, motions to dismiss brought under Rule 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón–Gaztambide v. Hernández–Torres, 35 F.3d 25, 27 (1st Cir. 1994). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363); see also De Leon v. Vornado Montehiedra Acquisition L.P., 166 F. Supp. 3d 171, 173 (D.P.R. 2016) (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)) (courts may also consider whatever evidence has been submitted, including depositions and exhibits). Moreover, if the motion to dismiss is based on the failure to exhaust administrative remedies, the court may resolve factual disputes, as long as they do not entail adjudication on the merits *and* the parties have had an opportunity to develop the record. See Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) (emphasis added).

"As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." De Leon, 166 F. Supp. 3d at 173 (citing Destek Grp. v. State of N.H. Pub. Utils. Comm'n., 318 F.3d 32, 38 (1st Cir. 2003)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F. Supp. 2d 240, 247 (D.P.R. 2012) (citing Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998)). Federal subject matter jurisdiction cannot be presumed and the party invoking it has the burden of demonstrating its existence. See Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682 F.3d 26, 32 (1st Cir. 2012).

Civil No. 10-1671 (PG)

## III. DISCUSSION

### A. FIRREA Framework

Where, as here, the FDIC acts as receiver, it "succeeds to all the rights, titles, powers, privileges, and assets of the insured depository institution." Maldonado–Torres v. F.D.I.C. ex rel. R–G Premier Bank, 839 F. Supp. 2d 511, 515 (D.P.R. 2012) (alteration in original) (citing 12 U.S.C. § 1821(d)(2)(A)(i)). "FIRREA establishes a mandatory claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution." Id. (citing 12 U.S.C. § 1821(d)(13)(D)) (alteration in original). That process was "designed to create an efficient administrative protocol for processing claims against failed banks." Fed. Deposit Ins. Corp. for Doral Bank v. Pedreira-Perez, Civil No. 15-2590 (FAB), 2018 WL 3388509, at *2 (D.P.R. July 11, 2018) (quoting Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992)). Like several other circuits, the First Circuit Court of Appeals has held that compliance with and exhaustion of FIRREA's administrative remedies is mandatory. See, e.g., Proal v. JPMorgan Chase Bank, N.A., 641 F. App'x 9, 10 (1st Cir. 2016); Marquis, 956 F.2d at 1151 (stating that the claims review process is "mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce these claims were initiated prior to the appointment of a receiver").[2]

FIRREA's claim review process requires the FDIC to "publish notice that the failed institution's creditors must file [proof of] claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice." Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 19 (1st Cir. 2013) (citing 12 U.S.C. § 1821(d)(3)(B)(i)). See also 12 U.S.C

---

[2] Although not relevant here, an exception to the administrative claim requirement is reserved for claimants that do not receive notice of the appointment of the receiver in time to file their claims before the claims bar date. See, e.g., FDIC v. Estrada Colon, 848 F. Supp. 2d 206, 210 (D.P.R. 2012); but see Lozada v. FDIC, Civil No. 10-1644 (JAG), 2011 WL 2199369, at * 1 (D.P.R. June 6, 2011) (stating that the exception does not apply to claimants who are aware of the appointment of a receiver but do not receive notice of the filing deadline).

§ 1821(d)(3)(C) (setting forth notice-mailing requirement with respect to creditors that appear on the depository institution's books). The deadline to file proof of claims is also known as the claims bar date. If a timely claim is filed, then the FDIC has 180 days to approve or disallow it. See Acosta-Ramirez, 712 F.3d at 19 (citing 12 U.S.C. § 1821(d)(5)(A)(i)).

"Claimants then have sixty days from the date of the disallowance or from the expiration of the 180-day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review)." Id. (citing 12 U.S.C. § 1821(d)(6)(A)). After the sixty-day judicial or administrative review deadline expires, the FDIC's disallowance becomes final and "claimant[s] shall have no further rights or remedies with respect to such claim." Id. at n.8 (citing 12 U.S.C. § 1821(d)(6)(B)).

As relevant here, FIRREA curbs district courts' jurisdiction over claims or actions where the plaintiffs fail to comply with the administrative claims review process explained above. See 12 U.S.C. § 1821(d)(13)(D). Specifically, the statute provides that:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). "In other words, failure to file a claim prior to the bar date, or otherwise exhaust FIRREA's statutory claims process, strips courts of the power to hear the claim." Fed. Deposit Ins. Corp. v. Caban-Muniz, 216 F. Supp. 3d 255, 258 (D.P.R. 2016) (citing Demelo v. U.S. Bank Nat. Ass'n, 727 F.3d 117, 122 (1st Cir. 2013)). In such cases, courts should dismiss the claims with prejudice. See Fed. Deposit Ins. Corp. for Doral Bank v. Pedreira-Perez,

6

Civil No. 15-2590 (FAB), 2018 WL 3388509, at *3 (citing, among others, <u>FDIC v. Negron-Ocasio</u>, Civil No. 15-1888 (PAD), 2016 WL 3920173 (D.P.R. July 18, 2016); <u>Estrada-Colon</u>, 848 F. Supp. 2d at 212-13; <u>FDIC v. Estrada-Rivera</u>, 813 F. Supp. 2d 256, 269-79 (D.P.R. 2011)).

### B. The Dismissal Debate

The FDIC raises several key points in support of its dismissal request (Docket No. 128 at 4-7 and 16). First, that Biaggi neither specified a depositum contract theory or claim administratively nor alleged one in the original or amended complaint. Second, that when Plaintiff articulated the theory at issue in the Opposition to the R&R filed on May 5, 2011 (Docket No. 29), it had already submitted *and* completed FIRREA's claims review process. Third, that the record contains several admissions from Biaggi that confirm so.

As previously noted, the court long ago found that neither the complaint nor amended complaint filed by Biaggi mentioned the existence of an agency or depositum contract, but rather, that Biaggi first advanced such claim or theory in the Opposition to the R&R (Docket No. 34 at 8). Shortly thereafter, Biaggi agreed with the court and stated:

> [T]he court is absolutely correct that the argument that defendant's obligation is one of agency or bailee was first raised by the undersigned in the opposition to the motion for a summary judgment.

Docket No. 35 at 3 ¶ 5 (a).

Recently, Biaggi said that **"[s]aid statement is still correct since the undersigned [attorney] did not file or participated in the proceedings in local court."** Docket No. 129 at 9 (emphasis added). However, it is well settled that "the neglect, of an attorney acting within the scope of his or her authority is attributable to the client." <u>Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.</u>, 750 F.3d 1, 6 (1st Cir. 2014) (quoting <u>Nansamba v. N. Shore</u>

7

Civil No. 10-1671 (PG)

Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013)). In other words, attorneys act for their clients and parties are accountable for the acts or omissions of their counsel. See Skrabec v. Town of N. Attleboro, 878 F.3d 5, 9 n. 2 (1st Cir. 2017) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)); Nansamba, 727 F.3d at 38. Accordingly, the court shall not turn a blind eye to the facts or the record on account of a former counsel's oversights. In this regard, the court finds Biaggi's latest excuse in support of its effort to avoid dismissal unavailing.

Now, Biaggi also posits that "[a]lthough the amended complaint did not expressly mention a bailment or depositum contract, it did state sufficient facts to reach that legal conclusion." Docket No. 129 at 9. Biaggi further argues that insofar as the amended complaint was attached to the proof of claim filed with the FDIC, it exhausted FIRREA's administrative remedies with respect to the contract or theory in question.[3] The court disagrees.

Even after an expansive reading of Biaggi's amended complaint, the court finds that it did not set forth allegations referring to a depositum contract claim. See Am. Complaint (Docket No. 7-1 at 36-40). It simply did not contain sufficient well-pleaded facts to allow the court (or the FDIC) to infer Plaintiff's newly concocted theory of recovery.[4] Merely attaching the amended

---

[3] The court notes that Biaggi, despite having the burden to demonstrate the existence of subject matter jurisdiction, did not cite or discuss a single case or legal authority in support of its arguments. This pales in comparison to the panoply of on-point cases and reasoned analysis offered by the FDIC in the motion to dismiss and the reply. The problem for Biaggi is that "[j]udges are not mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." Echevarría v. AstraZeneca Pharmaceutical LP, 856 F.3d 119, 139 (1st Cir. 2017) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). This includes "highlighting the relevant facts and analyzing on-point authority." Rodriguez v. Mun. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) (citation omitted). The upshot is that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Zannino, 895 F.2d at 17.

[4] According to the Civil Code of Puerto Rico, "[a] deposit is constituted from the time a person receives a thing belonging to another with the obligation of keeping and returning it." P.R. LAWS ANN. tit. 31, § 4621. See Jewelers Mut. Ins. Co. v. N. Barquet, Inc., 410 F.3d 2, 12 (1st Cir. 2005) (discussing elements of a depositum contract under Puerto Rico law and mentioning several contexts in which such contracts can arise).

As the parties may recall, the court previously determined that there was a depositum contract between Biaggi and Westernbank, and thus, dismissal of Biaggi's interest claim was inappropriate. See Docket No. 38 at 7.

complaint to the administrative proof of claim could not have given, and did not give the FDIC fair notice of the legal theory on which Plaintiff now seeks relief. For this reason, Biaggi did not exhaust administrative remedies on the depositum contract claim or theory, and thus, the court lacks jurisdiction to consider it. See Font-Llacer-de-Pueyo v. FDIC, 932 F. Supp. 2d 265, 269–70 (D.P.R. 2013) (finding that former employee of failed bank for which the FDIC was appointed receiver failed to exhaust FIRREA's administrative remedies with respect to retaliation claim under Puerto Rico law, where proof of claim described claim as one of "discrimination in employment due to age," and did not mention or allege retaliation); Coleman v. FDIC, 826 F. Supp. 31, 32 (D. Mass. 1993) (dismissing new claims and legal theories asserted in amended complaint that had not been presented first to the FDIC through FIRREA's administrative claims process); Hibyan v. FDIC, 812 F. Supp. 271, 275 (D. Me. 1993) (dismissing claims based on one contractual provision where plaintiff had presented another contractual provision to the FDIC as basis for claim); see also Winkal Management, LLC v. FDIC, 288 F. Supp. 3d 33 (D.D.C. 2017) (dismissing claims based on theories of unjust enrichment and promissory estoppel and finding that plaintiff could not sidestep FIRREA's statutory limitations by raising alternative contract claims); Westberg v. FDIC, 926 F. Supp. 2d 61, 70–71 (D.D.C. 2013), aff'd, 741 F.3d 1301 (D.C. Cir. 2014) (quoting BHC Interim Funding II, L.P. v. FDIC, 851 F. Supp. 2d 131, 138, n. 4 (D.D.C. 2012)) (citing cases) ("Where a FIRREA complaint alleges entirely new legal theories that are different than those reflected in the administrative proof of claim, the Court is without subject matter jurisdiction to consider the new causes of action."); Jahn v. FDIC, 828 F. Supp. 2d 305, 317 (D.D.C. 2011) (dismissing claims for civil conspiracy and conversion where only a fraudulent transfer claim was submitted to the FDIC as part of claims review process).

---

Nevertheless, upon analyzing the allegations in Biaggi's amended complaint, the court now concludes that the elements of a depositum contract were not plead.

It is pellucid that Biaggi made a strategic decision to press a depositum contract theory or claim in order to avoid dismissal of the collection claim on statute of limitations grounds. But since the depositum contract claim was not administratively exhausted, this strategy fails as well. Biaggi, grasping at straws when all other avenues of relief have been closed, "cannot now disavow [its] earlier decision and attempt to change horses midstream in hopes of finding a swifter steed." Genereux v. Raytheon Co., 754 F.3d 51, 59 (1st Cir. 2014).

## IV.   CONCLUSION

For the reasons explained above, the court finds that it lacks subject matter jurisdiction over Biaggi's purported depositum contract claim. The FDIC's motion to dismiss under Rule 12(b)(1) (Docket No. 128) is thus **GRANTED**, and the case is hereby **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, August 16, 2018.

> S/ JUAN M. PÉREZ-GIMÉNEZ
> **JUAN M. PEREZ-GIMENEZ**
> **SENIOR U.S. DISTRICT JUDGE**